Timothy M. Regan, Plaintiff, v. The City of New York, Defendant.*

Supreme Court, Special Term, Kings County, May 2, 1941.

David Finkelstein, for the plaintiff.

William C. Chanler, Corporation Counsel [Louis M. Weintraub and George G. Gallantz of counsel], for the defendant.

Nova, J. In or about the month of March, 1941, the President Justice of the Municipal Court of the City of New York ordered the removal of the Eighth District Municipal Courthouse to the courthouse located at Fourth avenue and Forty-second street, in the borough of Brooklyn. The plaintiff seeks to have this court enjoin such transfer, asserting that it is illegal to remove the same from the geographical limits fixed in the Municipal Court Code.

I cannot agree with plaintiff's contentions. Subdivision 3 of section 7 of the Municipal Court Code (as amd. by Laws of 1940, chap. 513, § 2) provides: " * * * where space is available in a courthouse building, the president justice may order moved into such courthouse building any district court, in the same borough." And it was pursuant to that statute that the President Justice ordered the removal. A reading of the sections of the Civil Practice Act, to which plaintiff adverts in support of his contention, discloses that they nowhere provide that the courthouse itself may not be moved. Even assuming that such proscription could be spelled out of the language used therein, the amendment to subdivision 3 of section 7 of the Municipal Court Code clearly superseded such provisions. Nor is there any merit in plaintiff's further point that the Eighth District Municipal Court is being abolished

* See, also, 177 Misc. 98.

by the acts complained of. After the effective date of the transfer the district will remain a separate legal entity, and the justice, the clerks and the clerical staff elected and appointed for that district will continue to function as a separate and distinct unit. It may well be that these functions will be performed in another physical location, but, as pointed out above, such execution has the requisite legislative sanction.

Plaintiff's motion is accordingly denied.